# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **RASHAD OGBONNA RUSSELL** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 4:09-cv-22-HTW-LRA** |
| **CARL MONK, AUSTIN COOLEY** | |
| **AND WAYNE COUNTY JAIL** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. The Plaintiff filed this complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On February 20, 2009, an order [4] was entered directing the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. Plaintiff failed to comply with this order. The Plaintiff was warned in this Court's order [4] of February 20, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On April 21, 2009, an order [5] was entered directing Plaintiff to show cause, on or before May 5, 2009, why this case should not be dismissed for his failure to timely comply with the Court's February 20, 2009 order. In addition, Plaintiff was directed to comply with the February 20, 2009 order by filing the required documentation, on or before May 5, 2009. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff did not comply with the Court's order.

On June 5, 2009, this Court entered a second order [6] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of February 20, 2009. In addition, Plaintiff was directed to comply with the February 20, 2009 order on or before June 22, 2009. The Plaintiff was warned in this Court's order of June 5, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. Plaintiff failed to comply with this order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Federal Rules of Civil Procedure.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not complied with three Court orders nor has he contacted this Court since February 20, 2009. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx.265, 267 (5th Cir.2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 29th day of July, 2009.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE